IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TERRANCE GRAHAM                                                                               PLAINTIFF

V.                                                              CIVIL ACTION NO.: 4:14cv15-DMB-SAA

WARDEN ORA STARKS, MISSISSIPPI
STATE HOSPITAL, and KELVIN WILLIAMS                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, Terrance Graham, filed this complaint pursuant to 42 U.S.C. § 1983 seeking release from the Bolivar County Correctional Facility and an award of monetary damages for his allegedly illegal detention. Graham has named Warden Ora Starks, the Mississippi State Hospital, and Kelvin Williams, the Sheriff of Bolivar County, Mississippi, as Defendants.

In the instant complaint, Graham maintains that he was jailed on a rape charge that was dismissed on April 26, 2012, and that he is still being held at the Bolivar County Correctional Facility despite the fact that there is no charge pending against him. He asks the Court to order his immediate release and to award him compensation for pain and suffering stemming from his allegedly unconstitutional detention.

**Screening Standards**

Because Graham has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court

1

is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

Graham's claim is predicated on the argument that his criminal charge was dismissed by the circuit court. Court records establish, however, that he is currently facing a rape charge in the Circuit Court of Bolivar County, Mississippi. *See Bauer v. Texas*, 341 F.3d 352, 362 n.8 (5th Cir. 2003) (noting that court may take judicial notice of public court records). The Court also takes judicial notice of its own records where Graham challenged the legality of his current detention in a federal habeas corpus action. These records demonstrate that Graham was indicted for rape in September 2011, and that on April 26, 2012, the trial judge did not dismiss Graham's charges, but rather, ordered Graham to undergo a mental examination. *See Graham v. Moore*, No. 4:13cv84, 2013 WL 6185195 (N.D. Miss. Nov. 26, 2013) (Mot. to Dismiss, Ex. A-C).

The Court otherwise notes that in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a successful civil rights action that would necessarily imply the

2

invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court. *Id*. at 489-91. Here, Graham has not been convicted of a crime. While the rule in *Heck* does not extend to pending criminal matters, a successful § 1983 false imprisonment/illegal detention action would necessarily imply the invalidity of any future conviction that might result from the rape charge and would, therefore, implicate *Heck*. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Accordingly, the Court will dismiss this action without prejudice to Graham's ability to bring a § 1983 action upon the final resolution of his criminal case.[1]

Finally, the Court notes that Graham's request to be released from custody is not available in a § 1983 action. The "sole federal remedy" to Graham's challenge to the fact of his physical detention is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court also notes that Graham, as a pretrial detainee, could pursue a remedy pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). As mentioned above, however, Graham has previously filed a § 2241 action challenging the same detention as complained of here, and that petition was dismissed with prejudice. *See Graham v. Moore*, No. 4:13cv84, 2013 WL 6185195 (N.D. Miss. Nov. 26, 2013). Therefore, the Court will not automatically construe the

---

[1] The Court acknowledges that it has the authority to stay Graham's civil case pending the outcome of his criminal case. *See, e.g., Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). However, it finds dismissal without prejudice a more efficient use of resources under the circumstances presented.

instant pleading as a petition for federal habeas relief pursuant to § 2241.

For the reasons set forth herein, the Court **ORDERS** that the instant complaint is **DISMISSED WITHOUT PREJUDICE**. This case is **CLOSED**.

**THIS** the 19th day of March, 2014.

/s/DEBRA M. BROWN
**UNITED STATES DISTRICT JUDGE**